IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
DAVENPORT DIVISION

| | |
|---|---|
| NICOLE RENEE BURNSIDE, individually and on behalf of minor infant N.B., and BRIAN ARMOND BURNSIDE, individually and on behalf of minor infant N.B., ) ) ) ) ) | Case No. 3:25-cv-00134-SMR-SBJ |
| ) | ORDER TO SHOW CAUSE AND AMEND COMPLAINT |
| Plaintiffs, ) ) | |
| v. ) ) | |
| SARA VERDICK, in her individual capacity, IOWA DEPARTMENT OF HEALTH & HUMAN SERVICES, DR. NAZIR KAYALI, in his individual capacity, TRINITY MEDICAL CENTER – BETTENDORF, JANE DOE NURSES #1–5, in their individual capacities, JOHN DOE SECURITY OFFICERS #1–3, in their individual capacities, TRINITY MEDICAL CENTER ADMINISTRATION, CITY OF BETTENDORF, BETTENDORF POLICE DEPARTMENT, and JOHN DOE POLICE OFFICERS #1–3, in their individual capacities, ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. ) | |

Plaintiffs Nicole Renee Burnside and Brian Armond Burnside, proceeding *pro se*, filed a 74-page complaint pursuant to 42 U.S.C. § 1983. [ECF No. 1]. The complaint alleges 14 causes of action, each asserting multiple state and federal law violations. As currently drafted, the complaint suffers from two independently fatal defects. Plaintiffs are thus ORDERED to SHOW CAUSE why the complaint does not violate Federal Rule of Civil Procedure 11(b)(2) and AMEND the complaint to comply with the Federal Rule of Civil Procedure 8(a)(2).

1

Federal Rule of Civil Procedure 11 imposes obligations upon *pro se* and represented litigants alike.  *See* Fed. R. Civ. P. 11(b) (expressly including unrepresented parties within the purview of Rule 11).  Thus, when a *pro se* litigant violates Rule 11(b), they can be sanctioned.  *Id.* r. 11(c) (stating that "an appropriate sanction" may be imposed upon any "party").  The Court has been unable to locate several cases cited by Plaintiffs, which raises a concern that Rule 11(b) has been violated.  This includes the following citations:

- "*Jones v. County of Los Angeles*, 802 Fed. App'x 282 (9th Cir. 2020)."  [ECF No. 1 at 18]; *see also id.* at 25 ("*Jones v. County of Los Angeles* (2020)").

- "*Thompson v. Hong*, 2020 IL App (2d) 190551."  *Id.* at 36.

- "*Wallace v. County of Los Angeles*, 479 F. Supp. 3d 1088 (C.D. Cal. 2020)."  *Id.* at 39.

- "*Estate of Smith v. Shulz*, 2018 WL 2192187 (N.D. Iowa)."  *Id.* at 44.

- "*Yates v. Mansfield*, 2014 WL 11535036 (S.D. Iowa)."  *Id.*

- "*Doe v. United States*, 463 F. Supp. 2d 934 (N.D. Iowa 2006)."  *Id.*

Each citation points elsewhere.  A Westlaw search for "*Jones v. County of Los Angeles*, 802 Fed. App'x 282 (9th Cir. 2020)" returns *In re Wing Cheung Wong*, 802 F. App'x 280, 282 (9th Cir. 2020), a thoughtful analysis on piercing the corporate veil.  Similarly, "*Thompson v. Hong*, 2020 IL App (2d) 190551" leads to *Fay v. Fifty K Corporation*, No. 2-19-0551, 2020 WL 2095845 (Ill. App. Ct. Apr. 29, 2020) (alternative citation 2020 IL App (2d) 190551-U).  The same is true regarding the other cases.  "*Wallace v. County of Los Angeles*, 479 F. Supp. 3d 1088 (C.D. Cal. 2020)" corresponds to *Curtis v. Oliver*, 479 F. Supp. 3d 1039, 1088 (D.N.M. 2020).  "*Estate of Smith v. Shultz*, 2018 WL 2192187 (N.D. Iowa)" is *Cabrera v. N.Y. Fresh Meat Inc.*, 2018 WL 2192187 (S.D.N.Y. May 14, 2018).  "*Yates v. Mansfield*, 2014 WL 11535036 (S.D. Iowa)" yields a search result for a United States Food and Drug Administration safety report from February 19,

2014.  And *"Doe v. United States*, 463 F. Supp. 2d 934 (N.D. Iowa 2006)" leads to *Lampe v. Genuine Parts Co.*, 463 F. Supp. 2d 928, 934 (E.D. Wis. 2006).

These erroneous citations suggest that artificial intelligence was used to draft the complaint, producing the phenomenon known as "hallucinations," *i.e.*, fabricated cases that do not exist.  Unfortunately, this has become an unwelcome fixture in court filings across the country.  The Court recognizes that artificial intelligence has the potential to expand access to the courts, but it also presents very serious dangers that are "fundamentally incompatible with our justice system" predicated on "integrity and honesty from parties."  *Mills v. City of St. Louis*, No. 4:25-cv-1219-MTS, 2025 WL 3470293, at *1 (E.D. Mo. Dec. 3, 2025) (quoting Jessica R. Gunder, *Why Can't I Have a Robot Lawyer? Limits on the Right to Appear Pro Se*, 98 Tul. L. Rev. 363, 406 (2024)).  Hallucinations are a prime example of these dangers, as they cause the judicial system to needlessly expend precious resources in search of legal authority that does not exist.  Moreover, the existence of hallucinations within a filing calls into question the veracity of each assertion made within.

"Providing the Court with fake cases and forged quotations cannot be squared with Rule 11(b)" and "[e]very filing in a federal court that contains citations to phony case law amounts to a violation of Rule 11(b) of the Federal Rule of Civil Procedure."  *Id.* at *1 (second quoting *Turange v. Associated Bank, N.A.*, 0:25-cv-3004-ECT, 2025 WL 3052638, at *3 (D. Minn. Sept. 12, 2025)).  In short, fake cases are not "existing law" and citing them "does not provide a non-frivolous ground for extending, modifying, or reversing existing law, or for establishing new law."  *Wadsworth v. Walmart, Inc.*, 348 F.R.D. 489, 495 (D. Wyo. 2025) (quoting *Mata v. Avianca, Inc.*, 678 F. Supp. 3d 443, 461 (S.D.N.Y. 2023)).  Citation to nonexistent cases therefore violates Rule 11(b)(2).

Ignorance is no excuse, Rule 11(b) requires parties to conduct "an inquiry reasonable under the circumstances" before making any assertion to the Court.

Accordingly, Plaintiffs are ordered to show cause. Because the Court may have overlooked these cases, Plaintiffs have 30 days to submit paper copies of each citation previously identified as a possible hallucination. If they are unable to do so, the Court will consider dismissal as a sanction for violating Rule 11(b)(2). Plaintiffs are invited to submit argument on the matter to suggest what sanction, if any, is appropriate. *See* Fed. R. Civ. P. 11(c).

The complaint also fails to comply with Federal Rule of Civil Procedure 8. Although *pro se* pleadings must be "liberally construed," that leniency does not excuse compliance with basic pleading requirements or permit claims that lack any arguable basis in law. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Plaintiffs' complaint misses the mark, and they must amend it to comply with the Federal Rules.

Plaintiffs assert 14 causes of action over 74 pages. [ECF No. 1]. Length alone is not necessarily an issue, but the complaint is filled with redundancies, and each cause of action bundles multiple statutory and constitutional rights violations together without differentiation. That prevents the Court from assessing the merits of any individual claim in an initial review order.

Count I and Count III illustrate the point. Both allege "Unlawful Seizure of a Newborn (Fourth Amendment)" arising from the same series of events. *Id.* at 8, 16. Yet Count I alone alleges the unlawful seizure violated 42 U.S.C. § 1983, the Fourth Amendment, the Fourteenth Amendment, 42 U.S.C. § 671(a)(15), 42 U.S.C. § 1395dd, Iowa Code § 232.78, Iowa Code § 232.79, and Iowa Department of Health and Human Services protocol. [ECF No. 1 at 8–9].

That is not a "short and plain statement" as required by Rule 8. The Court is unable to determine whether Plaintiffs are raising each statutory and constitutional violation as an independent cause of action or, if not, how those violations bear on the Fourth Amendment analysis. Moreover, it is unclear how the basis for Count III differs from Count I, thus compounding the lack of clarity. Similar defects appear in nearly every cause of action.

Plaintiffs must amend the complaint. If they wish to assert causes of action for each alleged statutory and constitutional violation, they must clearly do so and provide a short statement of facts showing that they are entitled to relief. The Court cannot decipher what relief Plaintiffs are seeking when they allege multiple legal violations within a single cause of action.

In sum, the Court has serious concerns that Plaintiffs submitted fabricated cases in violation of Federal Rule of Civil Procedure 11(b). They are thus ordered to show cause and submit paper copies of each case identified above. If they are unable to do so, they should address what sanction, if any, is appropriate. If the Court determines that a Rule 11 violation occurred, it will consider a panoply of sanctions—including dismissal. The Court would also encourage Plaintiffs to conduct "an inquiry reasonable under the circumstances" to confirm that the remainder of their citations "are warranted by existing law or by a nonfrivolous argument." Fed. R. Civ. P. 11(b)(2). This includes verifying that the cases support the proposition they claim.

Additionally, the Court reminds Plaintiffs' that they submitted their complaint "under penalty of perjury" and acknowledged that "knowingly submitting false information is punishable by federal law." [ECF No. 1 at 67]. Plaintiffs have 30 days from the date of this Order to complete these actions and file a response to the Court's show cause order.

Plaintiffs must also amend their complaint if they wish to proceed. As currently drafted, the complaint fails to comply with Rule 8(a)(2) as the Court is unable to determine what claims

Plaintiffs are asserting or the facts supporting those claims.  If Plaintiffs wish to assert a cause of action for each alleged statutory and constitutional violation, they must expressly do so.  Plaintiffs also have 30 days from the date of this Order to file an amended complaint.

For the foregoing reasons, Plaintiffs are ORDERED to SHOW CAUSE why their complaint did not violate Federal Rule of Civil Procedure 11(b)(2) by submitting paper copies of the above-mentioned cases to the Court.  Plaintiffs are also ORDERED to AMEND their complaint to comply with Federal Rule of Civil Procedure 8(a)(2).  Both actions must occur within 30 days. Failure to comply with this Order will result in dismissal without prejudice.

IT IS SO ORDERED.

Dated this 30th day of April, 2026.

_____
STEPHANIE M. ROSE, CHIEF JUDGE
UNITED STATES DISTRICT COURT